UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERNESTO PAGAN, | ) | CASE NO. 3:21-CV-1715 (KAD) |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| COLON, et al., | ) | MARCH 21, 2022 |
| *Defendants*. | ) | |

**INITIAL REVIEW ORDER**

Kari A. Dooley, United States District Judge:

Plaintiff, Ernesto Pagan ("Pagan"), a prisoner currently incarcerated at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, filed this complaint *pro se* under 42 U.S.C. § 1983. Pagan names twelve defendants, Captain Colon, Warden Guadelarama, Counselor Suarez, Correctional Officer Hawes, Lieutenant Suess, Doe 1, Doe 2, Doe 3, Inmate Smith, Gary Bozzett, John St. Pierre, and Lieutenant Therian. Defendants Smith, Bozzett, and St. Pierre are inmates. The remaining defendants are correctional staff. Pagan contends that correctional staff defendants were deliberately indifferent to his safety and failed to protect him from harm caused by the inmate defendants, and that defendant Hawes improperly classified much of his personal property as contraband. He also includes several state tort and state constitutional claims.

**Background**

The complaint was received on December 23, 2021. On January 6, 2022, the Court denied Pagan's motion to proceed *in forma pauperis* and ordered him to submit the filing fee by February 5, 2022. *See* Doc. No. 7. Pagan did not meet this deadline and the case was dismissed on February 10, 2022. *See* Doc. No. 8. Pagan submitted the filing fee on February 24, 2022, and the Court

reopened the case. *See* Doc. No. 9.

On January 3, 2022, the Court received another complaint from Pagan against these same defendants. *See Pagan v. Colon et al.*, No. 3:22-cv-1 (KAD). On January 12, 2022, the Court denied Pagan's motion to proceed *in forma pauperis* and directed him to tender the filing fee by February 11, 2022. *See* No. 3:22-cv-1 (KAD), Doc. No. 7. Pagan paid the filing fee on February 2, 2022 and, on February 16, 2022, the Court filed the Initial Review Order dismissing some claims and directing service of the Complaint on several defendants. *See id;* Doc. No. 8.

**Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit. This is because a plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendants at the same time." *Sacerdote v. Cammack Larhette Advisors, LLC*, 939 F.3d 498, 504 (2d Cir. 2019) (internal citations and quotation marks omitted). The rule is properly invoked if the actions are "the same," *i.e.*, there must be "the same parties ... the same rights asserted and the same relief prayed for; the relief must be founded upon the same facts, and the ... essential basis of the relief sought must be the same." *Id.* (quoting *United States v. The Haytian Republic*, 154 U.S. 118, 124 (1894)) (internal quotation marks omitted). This practice, commonly referred to as the prior pending action doctrine, is intended to avoid conflicting judgments and promote judicial economy.

*See Curcio v. Hartford Fin. Servs. Grp*, 472 F. Supp. 2d 239, 243 (D. Conn. 2007) (citations omitted).

Under the prior pending action doctrine, "[w]here there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience in favor of the second action, or unless there are special circumstances which justify giving priority to the second." *Id.* (quoting *Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (quotation marks omitted)).

**Discussion**

In each case, Pagan filed a 14-page complaint with 32 pages of exhibits. The complaints are identical. The exhibits, however, differ slightly. In Case No. 3:22-cv-1 (KAD), Pagan submits a copy of a document filed with the Connecticut Claims Commission and the blank back side of another exhibit. In this case, he submits two pages documenting his purchase of various electronic items. The other exhibits are the same in both cases.[1] As both cases name the same defendants, assert the same claims, and seek the same relief, the prior pending action doctrine applies.

Although this case was filed first, it was dismissed for failure to timely tender the filing fee, while the second case underwent initial review. The Court has dismissed the claim for lost property, the Federal Tort Claims Act claims, the claims against any defendant in his official capacity, and the claims against Warden Guadelarama and Lieutenant Suess, and determined that the Eighth Amendment claims for deliberate indifference to safety and retaliation would proceed. As part of the initial review, the Court issued service and scheduling orders.

---

[1] In addition to the differences in the exhibits, the Court notes that Pagan paid the filing fee in this case three weeks after he paid the fee in Case No. 3:22-cv-1 (KAD). If he intended to file only one case regarding these claims, he would not have paid the filing fee in this case. As he knew the complaints were identical, payment of the fee in this case shows that the filing of the second case was not inadvertent. Pagan appears to have intended to file two separate cases and pursue the same claims in both cases.

As the second-filed case has proceeded further, the Court considers Case No. 3:22-cv-1 to be the prior pending case. *See Sentementes v. Lamont*, No. 3:21cv407 (MPS), 2021 WL 1978790, at *1 (D. Conn. May 18, 2021) (considering second-filed case as the prior pending case because case was proceeding after initial review); *see also Holliday v. City of Newington*, No. 3:03CV1824 (SRU), 2004 WL 717160, at *2 (D. Conn. Mar. 19, 2004) (dismissing first-filed case under prior pending action doctrine and resolving all claims in second-filed case because the "second-filed case involves the same claims as the claims in the first-filed case as well as the same defendants, the defendants have appeared in the second-filed case and the court has already issued a scheduling order in the second-filed case").

**Orders**

The case is **DISMISSED** in the interests of justice under the prior pending action doctrine. *See* 28 U.S.C. § 1915A(b)(1). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 21st day of March 2022 at Bridgeport, Connecticut.

        *Kari A. Dooley*
        KARI A. DOOLEY
        UNITED STATES DISTRICT JUDGE